**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, a corporation, Plaintiff–Appellee,**

v.

**Ravindra R. CHANDRASENA, a.k.a., Randy Chandrasena, Defendant–Appellee.**

No. 99–56513.

D.C. No. CV–98–3138–NM (Mcx).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Nov. 28, 2001.

Silverman, Circuit Judge, filed dissenting opinion.

Before PREGERSON, REINHARDT and SILVERMAN, Circuit Judges.

MEMORANDUM *

Chandrasena appeals the district court's grant of summary judgment rescinding his Provident Life insurance policies on the ground that he fraudulently misrepresented his income on his insurance application. There is a genuine issue of material fact with respect to the following: (1) whether Chandrasena had the requisite

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

fraudulent intent and (2) whether Provident Life justifiably relied upon Chandrasena's misstatements with respect to his income.

■ In order to prevail in its action, Provident Life is required to show that Chandrasena's misstatements were made with knowledge and with intent to defraud. *Fraker v. Sentry Life Ins. Co.*, 19 Cal. App.4th 276, 23 Cal.Rptr.2d 372, 377 (1993); Witkin, Summary of California Law § 676 (9th ed.1988). Intent is ordinarily a highly fact-intensive question. Here, there are several pieces of evidence that would indicate that Chandrasena's misstatements were not made with fraudulent intent. For example, neither the application form Chandrasena was asked to till out nor the insurance broker who was assisting Chandrasena made any reference to the particular business expense or class of expenses Provident Life claims he was to have deducted from his reported income. Drawing all inferences in Chandrasena's favor, a genuine issue of material fact exists as to whether he knowingly misstated his income with the intent to defraud Provident Life.

Under California law, the right of insurers to reasonably rely on the representations of an insured is waived when an insurer fails to investigate facts that are "distinctly implied" from other facts. *Cohen v. Penn Mutual Life Ins. Co.*, 48 Cal.2d 720, 312 P.2d 241, 245 (1957). Provident Life was alerted to a possible significant discrepancy with respect to Chandrasena's income when it received the report it had solicited from an outside entity, because the report listed Chandrasena's income as far less than he had reported. Provident Life's subsequent action, or lack of action, raises a genuine issue of material fact as to whether it waived its right to reasonably rely on Chandrasena's representations.

REVERSED and REMANDED for further proceedings consistent with this disposition.

SILVERMAN, Circuit Judge, dissenting.

I respectfully dissent. Chandrasena came forward with nothing to support his argument—and that's all it is, an unsubstantiated argument—that he somehow believed that all business expenses were deductible from gross receipts except for the cost of goods sold. Furthermore, as the district judge correctly pointed out, even if Chandrasena truly labored under that odd misunderstanding, it still would not come close to explaining the magnitude of the discrepancy between what he told Provident and what he told the IRS.

I also disagree with the majority's conclusion that there are material facts in dispute concerning the reasonableness of Provident's reliance on Chandrasena's misrepresentations. The undisputed facts show that Provident made several inquiries of Chandrasena about his income and that Chandrasena repeatedly confirmed his previous representations. He also supplied what he represented to be an unsigned copy of his 1989 tax return. In underwriting the policy, Provident did not have to assume that it was dealing with a crook. It had the right to rely on Chandrasena's repeated representations. *Robinson v. Occidental Life Ins.*, 131 Cal. App.2d 581, 281 P.2d 39 (1955). It is undisputed that the Equifax report showed Chandrasena's annual income to be $60,000.00, but it also is undisputed that the report itself does not indicate the basis for that conclusion and specifically states that Chandrasena was not available for an interview. In the face of Chandrasena's repeated and consistent oral and written representations and the purported tax return he supplied—none of which he dis-

putes having said or done—it was not unreasonable for Provident to have believed Chandrasena over the Equifax report.

I would affirm the district court.